manifestly against the weight of the evidence. The court has examined the evidence with care, and after giving the appellee the benefit of the verdict of the jury which the law allows him it is unable to say that the verdict should be disturbed, or that it was manifestly against the weight of the evidence. Judgment affirmed. Opinion by LACEY, P. J. Judge below, J. N. ORR. Attorneys, for appellant, Messrs. RICHARDSON BROS.; for appellee, Messrs. LAKE & POTTER. Opinion filed April 5, 1886.

No. 1429. Johnson v. Cippery. This action was originally commenced in replevin by appellee against appellant, to recover the possession of 1,750 bushels of oats, possession of which was claimed by virtue of the statutory landlord's lien, claimed by appellee to exist in his favor on the oats. The oats not being found, the appellee filed his count in trover. The appellee recovered a judgment against the appellant, in the court below, in the sum of $200, from which this appeal is taken. Appellee, in October, 1882, leased certain lands to one Henry Brown, the term commencing Oct. 1, 1882, and ending March 1, 1884, at an annual rent of $730, payable Aug. 1, 1883. In February, 1883, the time of payment was changed, making $365 due October 1st, and the balance due Jan. 1, 1884. On the 16th August, Brown informed appellee he had contracted his oat crop raised on the leased premises to one Moore, a dealer in grain. Appellee objected to the sale unless he gave him an order on the warehouseman for the money arising from the sale. On the following day appellee took out a distress warrant under Sec. 35, Chap. 80, R. S., and placed it in the hands of Baxter to serve, and on the same day Baxter served it by reading to Brown, but did not remove the oats. On the 20th August, 1883, appellant bought the oats of Brown under circumstances that would hold him to notice that appellee's rent had not been paid, and that a lien existed in his favor, and for the 1,750 bushels of oats paid the sum of $456.56. On the 10th September the appellee demanded of appellant the oats, but was refused. Brown abandoned the premises about the 10th day of September, 1883; appellee took possession of the crops remaining on the premises, only realizing therefrom the sum of $329.29 leaving a balance of $400.71, his due for rent. The point is made by

the appellant, and it is the only one, that the action of trover would not lie because the rent was not due at the time the landlord sold the oats and at the time the demand was made of the appellant, and that the appellee had no right to the possession of the oats, and hence trover would not lie, and cites for authority on the point, Wall v. Schofield, 76 Ill. 261, and claims that the recovery by appellee in that form of action was erroneous under the authority of that case. The court is of opinion the objections made to the appellee's right of recovery are untenable, under the rule announced by the decision referred to. In that case it is held as the grounds of the decision that the landlord had no right to the immediate possession of the goods at the time of demand, and that such right of possession was essential to maintain the action of trover. In this case by the selling and removing of the oats by the tenant the right accrued to have immediate possession under distress warrant or otherwise of all the growing crops, including the oats sold to appellant, if any could be found; for the evidence shows that by the selling and removing of the oats the lien of the landlord was endangered. The landlord had his distress warrant issued, but could not get the oats in his possession after demand. The court sees no error in the fifth instruction unless it be that the hypothesis is not presented that by the selling and removing of the oats the landlord's lien must be endangered in order to give appellee a right of possession, and consequently a right of action, and as to that, the evidence preserved shows that it was endangered, and besides the bill of exception does not purport to contain all the evidence. Under these conditions the omission of that qualification could work no harm to appellant. The objections of the appellant to the appellee's right of recovery are purely technical and do not go to the merits of the case. The form in which the action is brought is alone objected to. Perceiving no error in the record, the judgment of the court below is affirmed. Opinion by LACEY, P. J. Judge below, WM. BROWN. Attorneys, for appellant, Mr. R. G. McEvoy and Mr. A. H. FROST; for appellee, Mr. WM. MARSHALL and Mr. A. D. EARLY. Opinion filed April 5, 1886.

No. 1368. Chicago & Alton Railroad Company v. Glinny. This was an action brought by appellee against appellant to